UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

EVA PRECI,

                              Plaintiff,

                v.

JOVANII H TRANSPORT LLC and JUAN V.
RIVERA,

                              Defendants.

-----------------------------------------------------------------

**MEMORANDUM & ORDER**
25-CV-6369 (MKB)

MARGO K. BRODIE, United States District Judge:

Plaintiff Eva Preci commenced the above-captioned action against Defendants Jovanii H Transport LLC ("Jovanii Transport") and Juan V. Rivera ("Rivera") on June 14, 2025, in the Supreme Court of the State of New York, Queens County ("Queens County State Court"). (Compl., annexed to Not. of Removal in Ex. A 4–6, Docket Entry No. 1-2.)  Plaintiff seeks payment of personal injury damages under New York law arising from a motor vehicle accident between Plaintiff and Rivera, who was operating a truck owned by Jovanii Transport.  (*Id.* ¶¶ 4, 6–9.)  Plaintiff contends that her damages are "an amount that exceeds the jurisdictional limits of all lower courts."  (*Id.* at 5.)

On November 17, 2025, Defendants removed the action from the Queens County State Court to the United States District Court for the Eastern District of New York.  (Not. of Removal, Docket Entry No. 1.)  In support, Defendants asserted that the Court has original jurisdiction pursuant to 28 U.S.C. § 1332 based on diversity of citizenship.  (*Id.* ¶¶ 7–14.)  On November 18, 2025, Defendants filed their answer to the Complaint.  (Answer, Docket Entry No. 5.)  On November 19, 2025, Plaintiff filed a motion to remand the action to Queens County

State Court, and Defendants oppose the motion.[1]  For the reasons explained below, the Court grants Plaintiff's motion and remands the action to the Queens County State Court.

## I.    Background

### a.    Factual background

Plaintiff is a resident of Queens County, New York.  (Compl. ¶ 1.)  Jovanii Transport is a limited liability company ("LLC") incorporated in the State of Florida with its principal place of business located in Florida.[2]  (Not. of Removal ¶ 12.)  Jovanii Transport did not identify the residency of its members.  (*Id.*)  Rivera is a resident of Volusia County, Florida.  (Compl. ¶ 3.)

On February 28, 2024, an accident occurred in Brooklyn, New York between Plaintiff, who was driving a 2021 Volkswagen, and Rivera, who was driving a truck owned by Jovanii Transport.  (*Id.* ¶¶ 4–6.)  Plaintiff contends that Rivera's negligent operation of the truck resulted in a rear-end collision.  (*Id.* ¶¶ 6–7.)  As a result of the accident, Plaintiff alleges that she "sustained serious and permanent injuries including but not limited to cervical and lumbar spine injuries, right and left wrist strains, right shoulder injuries, and associated neurological and orthopedic conditions," "suffer[s] from chronic pain, weakness, muscle spasms, instability, and [will] require[] ongoing physical therapy, pain management, and orthopedic care."  (*Id.* ¶¶ 8–9.)

---

[1]  (Pl.'s Not. of Mot. to Remand ("Pl.'s Mot."), Docket Entry No. 6; Pl.'s Mem. in Supp. of Pl.'s Mot. ("Pl.'s Mem."), appended to Pl.'s Mot., Docket Entry No. 6-2; Defs.' Opp'n to Pl.'s Mot. ("Defs.' Opp'n"), Docket Entry No. 8; Pl.'s Reply in Supp. of Pl.'s Mot. ("Pl.'s Reply"), Docket Entry No. 9.)

[2]  *See* Fl. Div. of Corps., *Jovani H. Transport LLC*, FL. DEP'T OF STATE, https://perma.cc/YJ6Z-EYW3 (last visited Feb. 9, 2026) (listing Jovani Transport as a Florida Limited Liability Company).  Jovanii Transport contends that it was improperly named as "Jovanii Transport," rather than its correct name, "Jovani Transport."  (Not. of Removal ¶ 2.)  Because the Court finds that it lacks subject matter jurisdiction over this action, the Court does not address this argument.  *See Orr v. PHH Mortg.*, No. 25-CV-424, 2025 WL 929405, at *2 n.2 (E.D.N.Y. Mar. 26, 2025) (declining to address the defendants' argument that it was improperly named because the court lacked subject matter jurisdiction), *reconsideration dismissed*, 2025 WL 2370958 (E.D.N.Y. Aug. 13, 2025).

In addition, Plaintiff contends that she anticipates future surgical intervention to address her injuries.  (*Id.* ¶ 9.)  Plaintiff alleges that she has been "damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction."  (*Id.* ¶ 11.)

In their answer, Defendants deny "any and all allegations of negligence."  (Answer ¶ 6.)

### b.   Procedural background

Plaintiff commenced the above-captioned action against Defendants on June 14, 2025, in the Queens County State Court.  (Compl.)  In her Summons and Complaint, Plaintiff did not specify a dollar amount for damages but stated that she sustained damages "in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction." (*Id.* ¶ 11.)

### i.   Service on Jovanii Transport

Plaintiff attempted to personally serve Jovanii Transport at its business address in Orange City, Florida.  (Decl. of Ardinez A. Domgjoni, Esq. in Supp. of Pl.'s Mot. ("Domgjoni Decl.") ¶ 5, appended to Pl.'s Mot., Docket Entry No. 6-1.)  On June 26, 2025, Plaintiff received a return of non-service stating that a new occupant had recently moved to Jovanii Transport's business address and did not have knowledge of Jovanii Transport.  (*Id.* ¶ 7; Verified Return of Non-Service as to Jovanii Transport, annexed to Domgjoni Decl. as Ex. 3, Docket Entry No. 6-6.)  On September 4, 2025, Plaintiff caused substitute service of process against Jovanii Transport by serving the Florida Secretary of State pursuant to Florida Statutes § 48.062(4).  (Domgjoni Decl. ¶¶ 5–6.)  On September 18, 2025, Jovanii Transport filed in Queens County State Court (1) an appearance demanding service of papers related to the action, (Not. of Appearance and Demand, annexed to Domgjoni Decl. as Ex. 4, Docket Entry No. 6-7), and (2) a stipulation between Plaintiff and Jovanii Transport extending time for it to answer the Complaint, (Stip. Extending Time, annexed to Domgjoni Decl. as Ex. 5, Docket Entry No. 6-8).

### ii.    Service on Rivera

Plaintiff attempted to personally serve Rivera at Jovanii Transport's business address in Orange City, Florida.  (Domgjoni Decl. ¶ 11.)  On October 8, 2025, Plaintiff received a return of non-service "reflecting cancelled attempts due to unsuccessful efforts and change in occupancy." (*Id.* ¶ 12; Verified Return of Non-Service as to Rivera, annexed to Domgjoni Decl. as Ex. 6, Docket Entry No. 6-9.)  On October 30, 2025, Plaintiff received a return of non-service from the Volusia County Sheriff's Office.  (Sheriff's Return of Service as to Rivera, annexed to Domgjoni Decl. as Ex. 7, Docket Entry No. 6-10.)  Plaintiff did not attempt to serve Rivera by any other means and therefore admits that Rivera is not a party to this action.  (Pl.'s Mem. 1 ("Individual defendant Juan V. Rivera has not been served despite diligent efforts, and Plaintiff now elects not to proceed against him.").)  *See Helwing v. Pszeniczny*, No. 21-843, 2022 WL 610341, at *1 n.1 (2d Cir. Mar. 2, 2022) (summary order) ("The [defendants] were never served and therefore were never parties to the litigation."); *Scott v. Griswold Home Care*, No. 19-CV-527, 2020 WL 2736020, at *2 (D. Conn. May 26, 2020) (stating that the defendant "is not currently a party to this action, even though it is a named defendant" because it was never served); *see also Omni Cap. Int'l, Ltd. v. Rudolph Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.").

### iii.    Defendants' removal to this Court and Plaintiff's motion to remand

On November 17, 2025, Defendants removed the action from the Queens County State Court on the basis of diversity.  (Not. of Removal ¶¶ 7–14.)  On November 18, 2025, Defendants filed their answer.  (Answer.)  On November 19, 2025, Plaintiff filed a motion to remand the action because Jovanii Transport untimely removed the action in violation of the 28 U.S.C. § 1446(b)(1) thirty-day removal clock.  (Pl.'s Mem. 1.)  Plaintiff also seeks attorneys' fees and

costs in connection with her remand motion.  (Pl.'s Mem. 4; Pl.'s Reply ¶¶ 19–21.)  Defendants

oppose the motion.  (Defs.' Opp'n.)

## II.   Discussion

### a.   Standard of review

A notice of removal must allege a proper basis for removal under 28 U.S.C. §§ 1441

through 1445.  *Agyin v. Razmzan*, 986 F.3d 168, 180–81 (2d Cir. 2021); *Lupo v. Hum. Affs. Int'l,*

*Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) *Gold Coast Transp. Serv. LLC v. NTI-NY, Inc.*, No. 21-CV-

5396, 2022 WL 1468770, at *5 (E.D.N.Y. May 10, 2022) (citing *Razmzan*, 986 F.3d at 181).

"[W]hen 'determining whether jurisdiction is proper, we look only to the jurisdictional facts

alleged in the [n]otices of [r]emoval.'"  *Razmzan*, 986 F.3d at 181 (quoting *In re Methyl Tertiary*

*Butyl Ether ("MTBE") Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007)); *see also New York*

*v. Dickerson*, No. 20-CR-208, 2020 WL 3263771, at *1 (E.D.N.Y. June 16, 2020) ("An effective

petition for the removal of a state action to federal court must allege a proper basis for the

removal under sections 1441 through 1445 of Title 28." (quoting *Negron v. New York*, No. 02-

CV-1688, 2002 WL 1268001, at *1 (E.D.N.Y. Apr. 1, 2002))).  A defendant may remove a civil

action brought in state court to a federal court in "any civil action . . . of which the district courts

of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  A district court is required

to evaluate "whether the plaintiff could have filed its operative complaint in federal court, either

because it raises claims arising under federal law or because it falls within the court's diversity

jurisdiction."  *Home Depot U. S. A., Inc. v. Jackson*, 587 U.S. 435, 441–42 (2019); *Shapiro v.*

*Logistec USA Inc.*, 412 F.3d 307, 308–09 (2d Cir. 2005) ("[A]ny action brought in state court

over which the district court would have had original jurisdiction may be removed to the district

court 'embracing the place where such action is pending.'" (quoting 28 U.S.C. § 1441(a))); *Vera*

*v. Saks & Co.*, 335 F.3d 109, 113 (2d Cir. 2003) ("A defendant may remove an action originally

5

filed in state court to federal court if the case originally could have been filed in federal court." (citing 28 U.S.C. § 1441(a))). The party seeking removal bears the burden of proving that the jurisdictional and procedural requirements have been met. *See Abbo-Bradley v. City of Niagara Falls*, 73 F.4th 143, 148 (2d Cir. 2023) ("Defendants have the burden of establishing that removal is proper." (internal quotation marks and citation omitted)); *Broidy Cap. Mgmt. LLC v. Benomar*, 944 F.3d 436, 443 (2d Cir. 2019) ("Generally . . . the party asserting subject matter jurisdiction[] has the burden of proving that it exists by a preponderance of the evidence." (citing *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000))); *Guotaiqixing Biomedical Int'l (S) Pte. Ltd. v. Dai*, No. 24-CV-3142, 2024 WL 4815982, at *2 (S.D.N.Y. Nov. 18, 2024) ("The party seeking removal bears the burden of proving that the jurisdictional and procedural requirements of removal have been met." (citing *Mehlenbacher v. Akzo Novel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000))); *Lachmanaya v. Rocky Towing, LLC*, No. 23-CV-133, 2023 WL 2329855, at *1 (E.D.N.Y. Mar. 2, 2023) ("Where . . . a defendant seeks to remove a case based on diversity jurisdiction, the defendant bears the burden of establishing that the requirements of diversity jurisdiction have been met." (citing *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 356 (2d Cir. 2011))).

### b. The Court lacks subject matter jurisdiction

Defendants argue that the Court can exercise diversity jurisdiction because (1) the Complaint satisfies the amount-in-controversy requirement and (2) there is complete diversity of citizenship between Plaintiff and Defendants. (Not. of Removal ¶ 7.) First, Defendants argue that the amount-in-controversy requirement is satisfied because Plaintiff's "alleged cervical and lumbar spine injuries, right and left wrist strains, right shoulder injuries, and associated neurological and orthopedic conditions" exceed $75,000. (*Id.* ¶¶ 8–10.) Second, Defendants argue that the diversity of citizenship requirement is satisfied because Plaintiff is domiciled in

6

New York, Jovanii Transport is a corporation incorporated with its principal place of business in Florida, and Rivera is domiciled in Florida.  (*Id.* ¶¶ 11–14.)

Plaintiff does not address diversity jurisdiction and instead argues that the Court should remand this action to state court because Jovanii Transport improperly removed the action to federal court in violation of the removal statutes, 28 U.S.C. §§ 1441, 1446, and 1447, by untimely removing the action in violation of the 28 U.S.C. § 1446(b)(1) thirty-day removal clock.  (Pl.'s Mem. 1.)  First, she argues that removal was untimely under the thirty-day period provided by 28 U.S.C. § 1446(b)(1).  (*Id.* at 3.)  In support, Plaintiff argues that the removal timeline was triggered on September 4, 2025 upon acceptance of service by the Florida Secretary of State, and Jovanii Transport's notice of removal on November 17, 2025 exceeded the timeline by more than thirty days.  (*Id.*)  Second, Plaintiff argues that removal was improper because Jovanii Transport waived any objection to service or jurisdiction in state court.  (*Id.*)  Plaintiff argues that Jovanii Transport "expressly consent[ed]" to litigating the case in state court by filing in the Queens County State Court a notice of appearance and a stipulation extending time to answer.  (*Id.* at 2–3.)  Third, Plaintiff argues that Jovanii Transport had actual notice of the action despite the "minor misspelling" of "Jovani" as "Jovanii" because substitute service on the Secretary of State is expressly permitted under Florida law.  (*Id.* at 3.)  Finally, Plaintiff argues that she is entitled to attorneys' fees and costs incurred as a result of Defendants' improper removal pursuant to 28 U.S.C. § 1447(c).  (*Id.* at 4.)

Federal courts are courts of limited jurisdiction and may not hear cases if they lack subject matter jurisdiction over the issues presented.  *See Doe v. United States*, 833 F.3d 192, 196 (2d Cir. 2016) ("Federal courts . . . are courts of limited jurisdiction." (alteration in original) (quoting *Wynn v. AC Rochester*, 273 F.3d 153, 157 (2d Cir. 2001))); *Blyden v. Watkins*, No. 25-CV-3964, 2025 WL 2721639, at *1 (E.D.N.Y. Sep. 24, 2025) ("Federal courts have limited

subject matter jurisdiction, restricting the types of cases they can hear."); *Booker v. Delerosa*, No. 24-CV-2292, 2024 WL 3202768, at *2 (E.D.N.Y. June 27, 2024) ("Federal courts are limited in the subject matter of cases they can hear.").  In addition, "[f]ederal courts have an independent obligation to inquire into the existence of subject-matter jurisdiction." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 125–26 (2d Cir. 2011).  "If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000).  "In 28 U.S.C. §§ 1331 and 1332(a), Congress granted federal courts jurisdiction over two general types of cases: cases that 'aris[e] under' federal law, § 1331, and cases in which the amount in controversy exceeds $ 75,000 and there is diversity of citizenship among the parties, § 1332(a)." *Jackson*, 587 U.S. at 437 (alteration in original).  Under the diversity jurisdiction statute, all plaintiffs and all defendants must be of diverse citizenship.  28 U.S.C. § 1332(a); *see Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (28 U.S.C. § 1332(a) "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"); *Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124, 126 (2d Cir. 2020) (per curiam) ("Section 1332 requires 'complete diversity,' meaning that 'all plaintiffs must be citizens of states diverse from those of all defendants.'" (quoting *Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 118 (2d Cir. 2014))); *Bartlett v. Honeywell Int'l Inc.*, 737 F. App'x 543, 547 (2d Cir. 2018) ("Diversity jurisdiction is present when there is complete diversity between the parties . . . ." (citing 28 U.S.C. § 1332(a))); *Pa. Pub. Sch. Emps.' Ret. Sys.*, 772 F.3d at 117–18 ("Subject matter jurisdiction is based on 28 U.S.C. § 1332, which requires 'complete diversity,' *i.e.*[,] all plaintiffs must be citizens of states diverse from those of all defendants." (quoting *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005))).

In general, "[a]n individual's citizenship, within the meaning of the diversity statute, is

determined by his domicile." *Tagger*, 951 F.3d at 126 (alteration in original) (quoting *Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 53 (2d Cir. 2019)). "For diversity purposes, a corporation is considered a citizen of the state in which it is incorporated and the state of its principal place of business." *Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012) (first citing 28 U.S.C. § 1332(c)(1); and then citing *Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002)); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010) (holding that "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities"); *Powell v. Ocwen Loan Servicing, LLC*, No. 23-421, 2024 WL 763406, at *2 (2d Cir. Feb. 26, 2024) (summary order) ("For the purposes of diversity jurisdiction, a corporation is a citizen of both its state of incorporation and its principal place of business." (citing *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016))). "[L]imited liability companies take on the citizenship of each of their members." *Wiener v. AXA Equitable Life Ins. Co.*, 113 F.4th 201, 212 n.8 (2d Cir. 2024) (citing *Bayerische*, 692 F.3d at 49); *see also Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 615 (2d Cir. 2019) (stating that an LLC "takes the citizenship of all of its members"); *Kruglov v. Copart of Conn., Inc.*, 771 F. App'x 117, 118 (2d Cir. 2019) (explaining that an LLC is "generally a citizen of each state in which any of its members is a citizen" for diversity purposes (first citing *Carter*, 822 F.3d at 60; and then citing *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000))); *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 302 (2d Cir. 1994) ("Unlike a corporate entity whose citizenship is determined by its place of incorporation or its principal place of business, the citizenship of an unincorporated association . . . is determined by the citizenship of

9

*each* of its members.").[3]

The alleged facts do not demonstrate complete diversity because Jovanii Transport did not plead the citizenship of the members of Jovanii Transport, which is an LLC. *See CenterMark Props. Meriden Square*, 30 F.3d at 302 ("[T]he citizenship of an unincorporated association . . . is determined by the citizenship of *each* of its members."). Jovanii Transport is an LLC and takes the citizenship of all its members. *See Bayerische*, 692 F.3d at 49 (stating that an LLC "takes the citizenship of each of its members"). The Notice of Removal states that Jovanii Transport is "a corporation incorporated in the State of Florida with its principal place of business located in the State of Florida," (Not. of Removal ¶ 12), but fails to specify Jovanii Transport's LLC citizenship. Because Jovanii Transport fails to identify the LLC members and their citizenship, it fails to establish complete diversity under 28 U.S.C. § 1332. *See Miolan v. Milmar Food Grp., LLC*, No. 24-2194, 2025 WL 3628490, at *1 (2d Cir. Dec. 15, 2025) (summary order) ("Because [the defendant] is an LLC, it takes on the citizenship not of its principal place of business or state of incorporation but 'of each of its members.'" (quoting *Carter*, 822 F.3d at 60)); *Wiener*, 113 F.4th at 212 n.8 ("[L]imited liability companies take on the citizenship of each of their members." (citing *Bayerische*, 692 F.3d at 49)). By failing to establish complete diversity, Jovanii Transport fails to establish the "grounds of removal" under 28 U.S.C. § 1446(a) and provides no basis for the Court to assume subject-matter jurisdiction. *See Navidea*, 943 F.3d at 618 (stating that the district court did not have the power to proceed to the merits of the case because neither the "state-court pleadings, the notice of removal, [n]or the

---

[3] Defendants do not challenge the amount-in-controversy requirement.

record as a whole reflected that the parties were completely diverse").  The Court therefore grants Plaintiff's motion to remand this action to state court.[4]

### c. Attorneys' fees and costs

Plaintiff seeks attorneys' fees and costs in connection with her remand motion.[5]  (Pl.'s Mem. 4; Pl.'s Reply ¶¶ 19–21.)

Defendants argue that Plaintiff is not entitled to attorneys' fees and costs because "Plaintiff does not dispute removal was timely on behalf of [ ] Rivera, [ ] complete diversity exists amongst the parties, and [ ] the jurisdictional amount is satisfied."  (Defs.' Opp'n 10.)

District courts have discretion to grant an award of costs and fees when remanding a case for improper removal.  28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."); *Morgan Guar. Tr. Co. of N.Y. v. Republic of Palau*, 971 F.2d 917, 923–24 (2d Cir. 1992) (finding that an award of costs and fees is within the court's discretion and requires the application of a test of "overall fairness given the nature of the case, the circumstances of the remand, and the effect on the parties" (citation omitted)).  "[C]ourts may award attorney's fees

---

[4]  Because the Court concludes that it lacks subject matter jurisdiction based on Jovanii Transport's deficient citizenship pleadings, it does not address whether Jovanii Transport's removal was timely.  *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 554 (2005) ("Incomplete diversity destroys original jurisdiction with respect to all claims . . . ."); *F5 Cap. v. Pappas*, 856 F.3d 61, 79 (2d Cir. 2017) ("[A] failure of diversity . . . contaminates the action . . . and takes away any justification for providing a federal forum." (second and third alteration in original) (quoting *Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 118 (2d Cir. 2014))); *Ceesay v. Bronx Park Phase III Pres. LLC*, No. 22-CV-390, 2022 WL 493525, at *2 (S.D.N.Y. Feb. 17, 2022) ("A failure of diversity . . . eliminates every claim in the action . . . ." (first alteration in original) (quoting same)).

[5]  Plaintiff argues that she is entitled to attorneys' fees and costs because Jovanii Transport untimely removed the action.  (Pl.'s Mem. 4.)  As discussed *supra* footnote 4, because the Court does not have subject matter jurisdiction, the Court therefore cannot address whether Jovanii Transport's removal was timely and does not consider this argument in determining whether Plaintiff is entitled to attorneys' fees and costs.

under [28 U.S.C.] § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied."  *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005); *see Crosier v. Town of Berne*, No. 25-CV-866, 2025 WL 3551669, at *3 (N.D.N.Y. Dec. 11, 2025) ("The standard for awarding just costs and actual expenses turns on the reasonableness of the removal."), *appeal docketed*, No. 25-3191 (2d Cir. Dec. 22, 2025).  "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal."  *Williams v. Int'l Gun-A-Rama*, 416 F. App'x 97, 99 (2d Cir. 2011) (quoting *Martin*, 546 U.S. at 136); *see Tamm v. Cincinnati Ins. Co.*, 858 F. App'x 412, 413 (2d Cir. 2021) (quoting same); *Acceleprise Accelerator Fund III, L.P. v. Alethea Tech PTE Ltd*, No. 25-CV-2066, 2025 WL 3124311, at *1 (S.D.N.Y. Nov. 7, 2025) (finding that "a defendant lacks an objectively reasonable basis for seeking removal where 'clearly established law . . . foreclose[d] [the] defendant's basis for removal.'" (alterations in original) (quoting *Int'l Gun-A-Rama*, 416 F. App'x at 99)); *Escobar v. Mercy Med. Ctr.*, No. 21-CV-2101, 2022 WL 669366, at *3 (E.D.N.Y. Mar. 7, 2022) ("The [c]ourt finds that [the d]efendant's position [that the court had subject-matter jurisdiction because the action raised substantial federal issues and was, in addition, removable under 'federal officer jurisdiction'], while ultimately incorrect, was at least objectively reasonable and there are no unusual circumstances here that otherwise warrant an award of costs and fees to [the p]laintiff.").  Therefore, "when an objectively reasonable basis exists, fees should be denied."  *Intl'l Gun-A-Rama*, 416 F. App'x at 99 (quoting *Martin*, 546 U.S. at 141).  "Objective reasonableness is evaluated based on the circumstances as of the time that the case was removed."  *Id.*; *MRS Prop. Invest., Inc. v. Bivona*, No. 21-CV-1104, 2021 WL 5812037, at *2 (E.D.N.Y. Sep. 22, 2021) (quoting *Surgicore of Jersey City v. Anthem Life & Disability Ins. Co.*, No. 19-CV-3482, 2020 WL 5752227, at *2 (E.D.N.Y. Sep. 25, 2020)).

12

"Although district courts retain the discretion to depart from those rules in unusual circumstances, a court's 'reasons for departing from the general rule should be faithful to the purposes of awarding fees under § 1447(c).'" *Calabro v. Aniqa Halal Live Poultry Corp.*, 650 F.3d 163, 166 (2d Cir. 2011) (quoting *Martin*, 546 U.S. at 141). The purposes of awarding fees under § 1447(c) include "the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Martin*, 546 U.S. at 140; *see also Qatar v. First Abu Dhabi Bank PJSC*, 432 F. Supp. 3d 401, 421 (S.D.N.Y. 2020) ("Courts will deny fee motions if a defendant had 'at least a colorable basis for removal' and there is no evidence that removal was 'merely an attempt to abuse or harass' the plaintiff or to force it to incur unnecessary expenses." (quoting *Koninklijke Philips Elecs. v. Digit. Works, Inc.*, 358 F. Supp. 2d 328, 335 (S.D.N.Y. 2005))).

The Court finds that Jovanii Transport was not frivolous or unreasonable for removing the action in light of its belief that it had diverse citizenship with Plaintiff. *See Pattern Energy Grp. LP v. Perillo*, No. 25-CV-785, 2025 WL 1112848, at *7 (S.D.N.Y. Apr. 15, 2025) ("[A]lthough the [d]efendants' arguments for removal are ultimately unsuccessful, the [c]ourt cannot say that they were frivolous and lacked color." (first alteration in original) (internal quotation marks omitted) (quoting *Sokola v. Weinstein*, No. 20-CV-925, 2020 WL 3605578, at *18 (S.D.N.Y. July 2, 2020))). Jovanii Transport's failure to meet its burden of establishing diversity jurisdiction does not mean that diversity between the parties does not exist. Given that Jovanii Transport is incorporated in Florida and has its principal place of business in Florida, it was neither frivolous nor unreasonable for Jovanii Transport to believe it had complete diversity

with Plaintiff, who is a citizen of New York.[6] *See Davidoff v. United Airlines, Inc.*, No. 25-CV-5527, 2025 WL 2112488, at *3 (S.D.N.Y. July 29, 2025) ("[The d]efendant's 'position is [not] so wholly frivolous or unreasonable as to warrant an award of costs of fees.'" (alteration in original) (quoting *First Abu Dhabi Bank*, 432 F. Supp. 3d at 421)).  In addition, there is no evidence that Jovanii Transport's removal was for improper reasons, such as to cause unnecessary expense or harassment.  *See Honeedew Investing LLC v. Abadi*, No. 24-CV-6434, 2024 WL 4764664, at *2 (S.D.N.Y. Nov. 13, 2024) (finding that "though [the court] remand[s] this case, [the d]efendants' removal was 'not merely an attempt to abuse or harass plaintiff, or to force plaintiff to incur unnecessar[y] expenses' nor can [the court] say that [the d]efendants' arguments were frivolous" (fourth alteration in original) (quoting *Sokola*, 2020 WL 3605578, at *18)).  The Court therefore denies Plaintiff's application for attorneys' fees and costs.

## III. Conclusion

For the foregoing reasons, the Court grants Plaintiff's motion and remands the case to the Queens County State Court.  The Court also denies Plaintiff's motion for attorneys' fees and costs.

Dated: April 13, 2026
      Brooklyn, New York

SO ORDERED:


                    /s/ MKB
                    MARGO K. BRODIE
                    United States District Judge

---

[6]  The Court notes the possibility that Jovanii Transport has no other members; however, the Court cannot determine this based on Jovanii Transport's removal notice.  (*See generally* Not. of Removal.)